■ Sylvia Rosenberg, Individually and as Administratrix

of the Estate of SIDNEY ROSENBERG, Deceased, Respondent, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.—Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered December 6, 1989 after jury trial, awarding plaintiff $400,000 for wrongful death, $25,000 for pain and suffering, plus interest, costs and disbursements, unanimously affirmed, with costs. Appeal from an order of the same court (Anita Florio, J.), entered May 5, 1989, denying issuance of a commission to take the deposition of an out-of-State witness, dismissed as subsumed in the judgment, without costs.

In reversing an earlier judgment in this case because of the improper admission of hearsay, which was prejudicial, this court, in its decision, did not expressly pass upon other issues raised on that appeal (148 AD2d 337). Of course, implicit in our decision was the conclusion that a prima facie case had been made out. However, we did not reach other specific issues since the disposition thereof would turn on the record made at any new trial.

The 51-year-old plaintiff's decedent, overweight, diabetic and with a history of heart disease, was referred to a New Jersey doctor for routine medical examination, chest X rays and EKGs in connection with decedent's application to defendant for a life insurance policy in 1976. In accordance with defendant's protocol, the EKGs were to be performed both before and after exercise. According to plaintiff, decedent emerged from the one-hour-and-45-minute examination pale, perspiring, and not looking well. During the session, the doctor prescribed nitroglycerin (for chest pains) and Pronestyl (normally for serious cardiac arrythmias). Decedent, who did not seek any subsequent medical attention, died suddenly of a heart attack a month later.

That a stress EKG was actually performed was a question for the trier of fact, and the jury had ample circumstantial evidentiary support for so finding. It was also reasonable for the jury to find that the stress test was a proximate cause of death, notwithstanding that decedent's demise occurred four weeks later. We find that the amount of the award is not excessive.

Normally, an independent contractor's negligence does not result in the employer's liability, but here, over defendant's objection, the Trial Judge instructed the jury on the "inherently dangerous" exception to that rule. That instruction was appropriate in light of evidence that the doctor was mandated to follow defendant's strict protocol, which specifically called for a stress EKG. Similarly, it was proper for the Trial Judge

to leave for the jury consideration of whether defendant had a duty to warn decedent of the risk involved in undergoing a stress EKG in such condition.

With respect to the appeal from the order denying defendant's motion for a commission to depose the examining physician in New Jersey, that issue is subsumed in the appeal from the judgment. We find no error in the court's determination given the considerable lapse of time before defendant sought such relief and the fact that defendant had itself opposed a similar request by plaintiff some years earlier. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.